UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHOLIC LEGAL IMMIGRATION
NETWORK, INC., *et al.*,

        *Plaintiffs*,

  v.

EXECUTIVE OFFICE OF IMMIGRATION
REVIEW, *et al.*,

        *Defendants.*

Case No. 21-cv-094

***Document Electronically Filed***

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO USE ALTERNATE ADDRESS

In this action, the Florence Project, together with Plaintiffs Catholic Legal Immigration Network, Inc., Brooklyn Defender Services, HIAS, and National Immigrant Justice Center, seeks declaratory and injunctive relief against the Executive Office of Immigration Review ("EOIR"), U.S. Department of Justice ("DOJ"), Jeffrey A. Rosen, in his official capacity as Acting Attorney General of the United States, and James McHenry, in his official capacity as Director of EOIR ("Defendants"), over a final rule issued by EOIR, which overhauls procedures within EOIR's immigration court system, particularly before the Board of Immigration Appeals ("BIA"). *See* Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588 (Dec. 16, 2020) (the "Rule"). The Florence Project is a nonprofit organization headquartered in Tucson, Arizona, with offices in Phoenix and Florence, Arizona. It

1

provides free legal and social services to adults and unaccompanied children in immigration custody in Arizona, including at the U.S.-Mexico border, and frequently represents detained immigrants in immigration court and before the BIA.

Including its residence address on the face of the Complaint—and, therefore, on the public docket—puts the Florence Project at undue "'risk of retaliatory physical or mental harm.'" *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (quoting *Nat'l Ass'n of Waterfront Emp'rs v. Chao,* 587 F. Supp. 2d 90, 99 (D.D.C. 2008)). The Florence Project fears retaliatory harm in the form of vandalism to its physical offices, but also physical harm to its staff and its non-party clients—including minor children and those with mental illnesses—who frequently visit the Florence Project's three offices for scheduled meetings. *See* Declaration of Lauren Dasse ("Dasse Decl.") ¶¶ 3–4 (attached as Exh. A).

In particular, the Florence Project has expressed a fear of retaliation for its public participation in this litigation, which challenges one of the Trump Administration's immigration policies, from individuals who are supportive of those immigration policies and/or harbor animus against immigrants, especially immigrants who are Latin American or who seek humanitarian protections, like the Florence Project's clients, and those who provide legal aid to immigrants, like the Florence Project. *See* Dasse Decl. ¶¶ 8–9. Such fear is reasonable in light of the recent upward trend in hate crimes across racial minority groups, and the 22 percent increase in Anti-Hispanic and Anti-Latino hate crime offenses, in particular, that the Federal Bureau of Investigations ("FBI") has reported over the past several years.[1] Anti-immigrant sentiment is particularly acute

---

[1] *Compare 2017 Hate Crime Statistics, Table 1: Incidents, Offenses, Victims, and Known Offenders by Bias Motivation*, FBI (2017), https://perma.cc/PVM9-9WTB *with 2018 Hate Crime Statistics, Table 1: Incidents, Offenses, Victims, and Known Offenders by Bias Motivation*, FBI (2018), https://perma.cc/SE6P-JFYP.

in Arizona, where several anti-immigrant hate groups are active. *See* Dasse Decl. ¶ 6 n. 1. Indeed, while the Florence Project has been fortunate to avoid becoming the victim of anti-immigrant violence or vandalism, it is no stranger to the pervasive threat of online harassment that could, if connected to a physical office address, materialize into real world harassment or violence, *see id.* ¶ 8.

Conversely, there is no countervailing public interest in the disclosure of the Florence Project's physical office address. And, in any event, the public at large is also not wholly without information concerning the identity of those bringing this action, since the other Plaintiffs are able to disclose their full business addresses. *Int'l Refugee Assistance Project v. Trump* ("*IRAP*"), No. CV TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017).

Defendants are also federal officials and agencies and will suffer no prejudice through the Florence Project's use of a U.S. Postal Service mailbox address; to the extent Defendants have a need to contact the Florence Project, they will be able to do so at that mailing address or, more properly, through counsel. *See Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 n.9 (D.D.C. 2008) (noting that courts are more likely to credit a plaintiff's privacy concerns when the defendant is a governmental, as opposed to private, party). The absence of prejudice to governmental defendants is especially apparent, where, as here, the lawsuit concerns a challenge to a governmental policy and so "the questions presented … 'do not depend on identifying the specific parties' but instead are 'purely legal.'" *IRAP*, No. CV TDC-17-0361, 2017 WL 818255, at *3 (quoting *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012)).

\* \* \*

For the reasons set forth above, the Florence Project respectfully requests that the Court dispense with the "full residence address" requirement of Local Civil Rule 5.1(c)(1) and permit it to proceed with the alternate mailing address provided. *See Yaman*, 786 F. Supp. 2d at 152–53

(applying equitable balancing test in permitting plaintiffs to proceed without public filing of residence address).[2]

Dated: January 12, 2021

Respectfully submitted,

By: *s/ Keren Zwick*

Mary Van Houten Harper**
NATIONAL IMMIGRANT JUSTICE CENTER
1099 New York Ave. NW
Washington, DC 20001
(312) 660-1370
mharper@heartlandalliance.org

Sarah Thompson (D.D.C. Bar No. CA00073)
NATIONAL IMMIGRANT JUSTICE CENTER
PO Box. 124975
San Diego, CA 92101
(312) 660-1370
sthompson@heartlandalliance.org

*\*\* Application for admission pro hac vice forthcoming; Limited to practice before the federal courts pending reinstatement to D.C. Bar*

*\*Application for admission pro hac vice forthcoming*

Keren Zwick (D.D.C. Bar. No. IL0055)
Mark Fleming*
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
(312) 660-1370
kzwick@heartlandalliance.org
mfleming@heartlandalliance.org

Jeffrey Dubner (D.C. Bar No. 1013399)
Benjamin Seel (D.C. Bar No. 1035286)
Sean A. Lev (D.C. Bar. No. 449936)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jdubner@democracyforward.org
bseel@democracyforward.org
slev@democracyforward.org

*Counsel for Plaintiffs*

---

[2] If required by the Court, the Florence Project would request leave to file its residence addresses under seal.