UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*, <br><br> Defendants. | Civil Action No. 21-0094 (RJL) |

**JOINT MOTION TO STAY PROCEEDINGS,
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to the inherent authority of the Court, Defendants and Plaintiffs respectfully move to stay all proceedings in this matter. In support of this motion, the parties state:

**BACKGROUND**

Plaintiffs are five legal services organizations that challenged the legality of an administrative rule promulgated and issued by Defendants: *Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure*, 85 Fed. Reg. 81,588 (Dec. 16, 2020) (the "Rule"). On February 1, 2021, Plaintiffs filed a Motion to Stay Agency Action Under 5 U.S.C. § 705 And/Or for a Preliminary Injunction [ECF No. 9] ("Motion for Injunction"). On March 4, 2021, the Court held oral argument regarding Plaintiffs' Motion for Injunction. During the hearing and in a Minute Order issued after the hearing, the Court instructed the parties to each file by 5:00 pm on March 15, 2021, supplemental briefing on the issue of the Court's authority to stay the Rule. On March 10, 2021, in the related case of *Centro Legal de la Raza v. Exec. Office for Immigration Review*, Civ. A. No. 21-0463-SI (N.D. Cal.) ("*Centro Legal*"), which challenges the

Rule at issue in this case, the Honorable Judge Susan Illston of the Northern District of California issued a preliminary injunction enjoining the implementation of the Rule and staying the effectiveness of the Rule. *See* ECF No. 42 (Defendants' Notice of Injunction).

## **LEGAL STANDARD**

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936)); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

## **ARGUMENT**

The parties have conferred by email and agree that all proceedings in this matter should be held in abeyance as long as the preliminary injunction entered in *Centro Legal* remains in effect. Granting a stay of all proceedings will allow Defendants and Department of Justice leadership to continue its ongoing review of the Rule and further consider the issues in this case. As part of the stay in proceedings, the parties respectfully request that the Court hold in abeyance Plaintiffs' pending Motion for Injunction and all deadlines, including (but not limited to) the March 15, 2021, deadline to submit supplemental briefing and Defendants' April 9, 2021, deadline to file their responsive pleading. Entering a stay of proceedings will best preserve the parties' and the Court's resources and serve the interests of judicial economy.

The parties further propose that they submit a Joint Status Report to the Court in 90 days updating the Court on the status of the Rule. This Joint Motion and request for a stay is being made without prejudice to either party's ability to request, prior to the filing of the 90-day status

report, to have the case re-calendared.

The parties acknowledge that Plaintiffs' agreement to this stay will expire if Defendants appeal the preliminary injunction in *Centro Legal* or seek to stay or limit it. Defendants agree that if Defendants appeal the preliminary injunction in *Centro Legal* or seek to stay or limit it, Defendants will ask the relevant court to not rule on Defendants' request for 90 days so as to allow the parties in this case the opportunity to conduct supplemental briefing on Plaintiffs' Motion to Stay Agency Action Under 5 U.S.C. § 705 And/Or for a Preliminary Injunction.

Finally, in the event that the Court denies this motion, the parties jointly request an extension of time to file the supplemental briefing ordered by the Court from March 15, 2021, to March 19, 2021.

## **CONCLUSION**

For the foregoing reasons, the parties jointly and respectfully request that the Court issue an Order that (i) stays all proceedings and current deadlines; and (ii) permits the parties to file a Joint Status Report in 90 days, i.e., on June 10, 2021.

Respectfully submitted,

| By: | */s/ Keren Zwick* | By: | */s/ Christina P. Greer* |
|---|---|---|---|
| | KEREN ZWICK | | CHRISTINA P. GREER |
| | National Immigrant Justice Center | | Senior Litigation Counsel |
| | 224 S. Michigan Ave. | | U.S. Department of Justice, |
| | Suite 600 | | Civil Division |
| | Chicago, IL 60604 | | P.O. Box 878, Ben Franklin Station |
| | Tel. (312) 660-1364 | | Washington, DC 20044 |
| | kzwick@heartlandalliance.org | | Tel. (202) 598-8770 |
| | | | Christina.P.Greer@usdoj.gov |
| | *Counsel for Plaintiffs* | | *Counsel for Defendants* |

Dated: March 12, 2021