## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK INC., *et al.*,<br><br>Plaintiffs,<br><br> v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-00094-RJL |

## <u>DEFENDANTS' SUPPLEMENTAL BRIEF</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

DISCUSSION ..................................................................................................................... 1

    I.   The Court Cannot Stay the Effective Date of the Rule Pending the Outcome of the Litigation .................................................................................................................... 1

    II.  The Court Does Not Have Authority to Issue a Stay under Circumstances Where the Requesting Party Cannot Show Irreparable Injury ................................................. 3

    III. The Department Cannot Stay the Rule Under 5 U.S.C. § 705 ................................. 4

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

## Cases

*Bauer v. DeVos*,
    325 F. Supp. 3d 74 (D.D.C. 2018)..................................................................... 3, 5

*BedRoc Ltd., LLC v. United States*,
    541 U.S. 176 (2004).......................................................................................... 1, 2

*Bill Barrett Corp. v. U.S. Dep't of Interior*,
    601 F. Supp. 2d 331 (D.D.C. 2009).................................................................. 4

*California v. U.S. Bureau of Land Mgmt.*,
    277 F. Supp. 3d 1106 (N.D. Cal. 2017)........................................................... 5

*Centro Legal de la Raza v. Exec. Office for Immigration Review*,
    No. 21-cv-00463-SI, 2021 WL 916804 (N.D. Cal. Mar. 10, 2021) .................. 1, 4

*FDIC v. Meyer*,
    510 U.S. 471 (1994).......................................................................................... 2

*Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,
    463 U.S. 29 (1983)............................................................................................ 5

*Nat. Res. Def. Council v. U.S. Dep't of Energy*,
    362 F. Supp. 3d 126 (S.D.N.Y. 2019) ............................................................. 5

*Nat'l Veterans Legal Servs. Program v. United States*,
    291 F. Supp. 3d 123 (D.D.C. 2018).................................................................. 2

*Pennsylvania v. DeVos*,
    480 F. Supp. 3d 47 (D.D.C. 2020).................................................................... 4

*Safety-Kleen Corp. v. EPA*,
    Nos. 92-1629, 92-1639, 1996 U.S. App. LEXIS 2324 (D.C. Cir. Jan. 19, 1996) .................. 3

*Sierra Club v. Jackson*,
    833 F. Supp. 2d 11 (D.D.C. 2012).................................................................... 5

*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*,
    205 F. Supp. 3d 4 (D.D.C. 2016)..................................................................... 4

*United States v. Barnes*,
    295 F.3d 1354 (D.C. Cir. 2002)........................................................................ 2

*United States v. Nixon*,
    418 U.S. 683 (1974).......................................................................................... 5

**Federal Statutes**

5 U.S.C. § 551(5) ................................................................................................... 5

5 U.S.C. § 705 ............................................................................................... passim

**Federal Regulations**

*Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative
Closure*, 85 Fed. Reg. 81,588 (Dec. 16, 2020) .......................................................... 1

**Miscellaneous**

BLACK'S LAW DICTIONARY ONLINE (2d. Ed.) ........................................................ 3

*Effective*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-
webster.com/dictionary/effective (last visited Mar. 17, 2021) ................................ 3

*Postpone*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-
webster.com/dictionary/postpone (last visited Mar. 17, 2021) ................................ 3

## INTRODUCTION

The Court has instructed the parties to submit supplemental briefing regarding the Court's authority to postpone the effective date of the administrative rule that is the subject of this case—*Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure*, 85 Fed. Reg. 81,588 (Dec. 16, 2020) (the "Rule")—pending the outcome of this litigation. In response to the Court's instruction, Defendants submit that 5 U.S.C. § 705 does not allow the Department of Justice ("Department") or the Court to postpone the Rule's effective date because the Rule went into effect on January 15, 2021. Additionally, even if the Court had legal authority to issue such a postponement, that authority would be limited where, as here, the party requesting the stay cannot establish an indispensable element of the necessary showing to be entitled to such relief: namely, the movants cannot establish that they would suffer irreparable harm if a stay is not issued.[1]

## DISCUSSION

### I.    The Court Cannot Stay the Effective Date of the Rule Pending the Outcome of the Litigation

"The preeminent canon of statutory interpretation requires [the Court] to presume that the legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). Thus, "[when] construing a statute, [the Court must] look first for the plain meaning of the text. If the language of the statute has a 'plain

---

[1] It is Defendants' position that the entry of a preliminary injunction in *Centro Legal de la Raza v. Exec. Office for Immigration Review*, No. 21-cv-00463-SI, 2021 WL 916804 (N.D. Cal. Mar. 10, 2021) ("*Centro Legal*"), renders a postponement or preliminary injunction unnecessary in this case. The preliminary injunction in *Centro Legal* applies nationwide and prohibits the further implementation of the Rule in its entirety. Entering a preliminary injunction in this case would have no additional effect on the parties to this case. Furthermore, because the Rule is not in effect, Plaintiffs cannot establish that any harm—let alone even irreparable harm—will occur absent a preliminary injunction here.

and unambiguous meaning,' [the court's] inquiry ends so long as the resulting 'statutory scheme is coherent and consistent.'" *United States v. Barnes*, 295 F.3d 1354, 1359 (D.C. Cir. 2002); *BedRoc Ltd.*, 541 U.S. at 183 (holding that, when interpreting a statute, the court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous.").

Here, the language of 5 U.S.C. § 705 is unambiguous. Examination of the plain language in this section of the Administrative Procedure Act ("APA") confirms that Congress granted to agencies and the courts the authority to postpone an administrative rule but it limited that authority to instances where the rule had not yet taken effect. The statutory provision states in full:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, ***the reviewing court***, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, ***may*** issue all necessary and appropriate process to ***postpone the effective date of an agency action*** or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705 (emphasis added). The terms "postpone" and "effective" are not defined in the statute nor are they terms of art; thus, they should be "construed in accordance with [their] ordinary or natural meaning" that is "derived from the dictionary." *Nat'l Veterans Legal Servs. Program v. United States*, 291 F. Supp. 3d 123, 139 (D.D.C. 2018) ("A statutory term that is neither a term of art nor statutorily defined is customarily 'construe[d] . . . in accordance with its ordinary or natural meaning,' frequently derived from the dictionary.") (quoting *FDIC v. Meyer*, 510 U.S. 471, 476 (1994)), *aff'd and remanded,* 968 F.3d 1340 (Fed. Cir. 2020). When given its plain meaning, the language in § 705 allowing a court or agency to "postpone the effective date" can only be read to mean that the statute allows the court "to put off until a future time," "defer," or "delay" the

"operative" date of the agency action. *See Postpone*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/postpone (last visited Mar. 17, 2021); *Effective*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/effective (last visited Mar. 17, 2021); *see also* BLACK'S LAW DICTIONARY ONLINE (2d. Ed.) (defining "postpone" as "to put off; defer; delay; continue"). One cannot "defer" or "put off" an action that has already occurred; thus, it would be unreasonable to interpret the statute as permitting the issuance of a stay *after* the operative date of the challenged rule has already passed.

This interpretation of the statute as precluding the granting of a postponement after the effective date has passed is buttressed by the fact that Defendants could find no case in which a Court has issued a postponement pursuant to 5 U.S.C. § 705 *after* an agency action has already gone into effect. In contrast, courts across the country regularly apply and explain the scope of § 705 as allowing for postponement when the action has not yet taken effect. *See*, *e.g.*, *Safety-Kleen Corp. v. EPA*, Nos. 92-1629, 92-1639, 1996 U.S. App. LEXIS 2324, at *2-3 (D.C. Cir. Jan. 19, 1996) ("stating that § 705 is intended to "postpone the effective date of *a not yet effective rule*, pending judicial review." (emphasis added); *Bauer v. DeVos*, 325 F. Supp. 3d 74, 106-07 (D.D.C. 2018) ("[A] stay under § 705 should be imposed for one- and only one-reason: to maintain the status quo in order to allow judicial review of the underlying regulation to proceed in a 'just' manner.").

II.    **The Court Does Not Have Authority to Issue a Stay under Circumstances Where the Requesting Party Cannot Show Irreparable Injury**

Even if the plain language of 5 U.S.C. § 705 did not preclude postponing the Rule's effective date, the Court still would not have authority to postpone the Rule's effective date where, as here, the movant cannot establish "irreparable injury." 5 U.S.C. § 705. Here, as explained in Defendants' Opposition to Plaintiffs' Motion and at oral argument, Plaintiffs have fallen short of

establishing that they would suffer irreparable harm—they have thus also failed to establish irreparable injury.

Plaintiffs' inability to establish this necessary element is even greater now that a preliminary injunction has been entered in *Centro Legal*, because they cannot show why a second injunction is necessary and how they are harmed by this enjoined Rule.  A "[plaintiff's] failure to establish irreparable harm is . . . fatal to [its] request for relief under Section 705 of the APA." *Bill Barrett Corp. v. U.S. Dep't of Interior*, 601 F. Supp. 2d 331, 336 (D.D.C. 2009) (Leon, J.); *see also Pennsylvania v. DeVos*, 480 F. Supp. 3d 47, 68 (D.D.C. 2020) (holding that "[p]laintiffs' inability to show a likelihood of success on the merits or irreparable harm" required that their request for postponement under 5 U.S.C. § 705 or preliminary injunction be denied); *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) ("[T]he Court may deny a motion for preliminary injunction, without further inquiry, upon finding that a plaintiff is unable to show either irreparable injury or a likelihood of success on the merits."). Consequently, given the lack of irreparable harm and the fact that Plaintiffs must satisfy a heightened standard in this case due to the fact that they are seeking a mandatory injunction, this Court should deny any request for a postponement or preliminary injunction.

## III.    The Department Cannot Stay the Rule Under 5 U.S.C. § 705

During the hearing on March 4, 2021, the Court indicated that the Government could "as part of this litigation . . . agree to not . . . put into effect all of these changes in the rule until the courts decide" the case.[2] Tr. at 27.  Defendants disagree that the Department can agree to postpone the effectiveness of the Rule or the Rule's implementation, as the same limitations of § 705 that

---

[2] Defendants address this issue because, in light of the Court's statements and questions during the hearing regarding why Defendants would not simply agree to a stay, Defendants believe this information is relevant to the Court's analysis of the authority that 5 U.S.C. § 705 grants to postpone a rule's effective date.

apply to the Court apply to Defendants.  *See Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 151 (S.D.N.Y. 2019) ("Section 705 only allows an agency to postpone the effective date of action taken by it.  It does not allow agencies to suspend a rule that has already taken effect.").  Indeed, at the March 4, 2021, hearing, both parties acknowledged that, because the Rule's effective date has passed, the Government cannot stay the Rule under 5 U.S.C. § 705. Tr. at 26 (counsel for Defendants states "a stay under 5 U.S.C. 705 cannot be entered by the agency after the rule became effective"); Tr. at 47 (counsel for Plaintiffs states "the government is certainly correct that Section 705 only allows the government itself to stay a rule prior to its effective date").

Additionally, "to justify a stay under § 705, an agency must do more than . . . merely assert . . . that the litigation raises 'serious questions concerning the validity of certain provisions of the [r]ule.'"  *Bauer*, 325 F. Supp. 3d at 107 (quoting *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1122 (N.D. Cal. 2017)).  "Although the agency need not adhere to the specific contours of the four-factor preliminary injunction test, it must weigh the same kinds of equitable considerations that courts have long applied and must explain why, in light of the pending litigation, a stay is 'require[d]' to ensure the parties will ultimately obtain an adequate and just judicial remedy.'"  *Id.* (quoting 5 U.S.C. § 705)).  In other words, "[t]he agency cannot use section 705 of the APA to stay the effectiveness of its rules . . . simply because litigation *happens to be pending*."  *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 34 (D.D.C. 2012) (emphasis in original).[3]

## CONCLUSION

For these reasons, the Court should deny in full Plaintiffs' request for a postponement of

---

[3] Regardless whether the Department is currently reviewing the Rule, it was properly promulgated through notice-and-comment rulemaking, and because it took effect it has the force of law until it is revoked.  *See United States v. Nixon*, 418 U.S. 683, 694-96 (1974).  Repealing or amending an existing rule can constitute rulemaking that itself is subject to the requirements of the APA, such as notice-and-comment requirements.  *See* 5 U.S.C. § 551(5); *Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983).

the Rule's effective date and similarly deny their motion for a preliminary injunction.

Respectfully submitted,

| | |
|---|---|
| CHANNING D. PHILLIPS | BRIAN M. BOYNTON |
| Acting United States Attorney | Acting Assistant Attorney General |
| | |
| BRIAN P. HUDAK | AUGUST E. FLENTJE |
| Acting Chief, Civil Division | Special Counsel |
| | |
| APRIL DENISE SEABROOK | DAVID M. McCONNELL |
| Assistant United States Attorney | Director |

PAPU SANDHU
Assistant Director

_s/ Christina P. Greer_
CHRISTINA P. GREER
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov

Dated: March 19, 2021                    _Attorneys for Defendants_