UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHOLIC LEGAL IMMIGRATION )
NETWORK, INC., et al., )
)
Plaintiffs, )
) Civil Case No. 21-00094 (RJL)
v. )
)
EXECUTIVE OFFICE FOR )
IMMIGRATION REVIEW, et al., )
)
Defendants. )

**MEMORANDUM ORDER**
(April 3, 2021) [Dkt. #9]

    The Catholic Legal Immigration Network, Inc., Brooklyn Defender Services, Florence Immigrant and Refugee Rights Project, HIAS, and National Immigrant Justice Center (collectively "plaintiffs") bring this action under the Administrative Procedure Act ("APA") against numerous federal agencies and officials (collectively "defendants") to enjoin or stay the implementation of a final rule enacting numerous changes to the immigration court system—Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588 (Dec. 16, 2020) (the "Rule"). *See* Compl. [Dkt. #1]. Presently before the Court is plaintiffs' motion for preliminary relief in the form of a preliminary injunction *or* an administrative stay under 5 U.S.C. § 705. *See* Pls.' Mot. to Stay Agency Action Under 5 U.S.C. § 705 and/or for a Preliminary Injunction ("Pls.' Mot.") [Dkt. #9]. Upon consideration of the parties' pleadings, relevant law, the entire record herein, and for the reasons stated below,

1

plaintiffs' motion is GRANTED, and the Rule is hereby STAYED pending the outcome of this litigation. A preliminary injunction is not necessary at this time.

## BACKGROUND

Plaintiffs are nonprofit legal services providers that represent noncitizens across the country in immigration proceedings. Their missions include representing as many noncitizens as possible in removal proceedings, improving access to counsel in those proceedings, and ensuring that all noncitizens are informed and able to meaningfully participate in immigration proceedings affecting them. *See* Ex. A to Pls.' Mot. ¶¶ 5–14; Ex. B to Pls.' Mot. ¶¶ 6–23; Ex. C to Pls.' Mot. ¶¶ 10–15; Ex. D to Pls.' Mot. ¶¶ 7–11; Ex. E to Pls.' Mot. ¶¶ 7–18. In addition to directly representing noncitizens, plaintiffs run programs designed to assist pro se litigants and coordinate with affiliate organizations to recruit, train, and oversee pro bono attorneys representing noncitizens. *See, e.g.*, Ex. B to Pls.' Mot. ¶¶ 20, 22; Ex. C to Pls.' Mot. ¶¶ 11–12, 16, 19, 24.

Defendants are the U.S. Department of Justice ("DOJ"), the Executive Office for Immigration Review ("EOIR"), and these agencies' respective leaders. Compl. ¶¶ 20–23. On August 26, 2020, defendants proposed the Rule, which included sweeping changes to the immigration court system "to ensure the consistency, efficiency, and quality" of immigration proceedings. 85 Fed. Reg. 81,588 (Dec. 16, 2020). Defendants provided a 30-day comment period that ended on September 25, 2020. *Id.* at 81,592. Commenters submitted 1,284 comments, the majority of which expressed opposition to the Rule. *Id.* On December 16, 2020, the Director of EOIR signed the Rule, and it took effect on

January 15, 2021. *Id.* at 81,656.

The Rule effectuates numerous changes in the immigration court system.[1] Among other things, it (1) shortens the briefing schedule for appeals before the Board of Immigration Appeals ("BIA"), *id.* at 81,635–38; (2) limits the BIA's ability to remand cases to immigration judges ("IJs") to conduct further factfinding, *id.* at 81,610–15; (3) authorizes the BIA to make findings of fact and rely on evidence outside the record in certain circumstances, *id.* at 81,602–08; (4) overhauls voluntary departure procedures, *id.* at 81,639–42; (5) limits IJs' and the BIA's ability to reopen cases *sua sponte* or administratively close proceedings, *id.* at 81,597–602, 81,628–34; (6) provides IJs the ability to request review of a BIA decision by the Director of EOIR in certain circumstances, *id.* at 81,624–28; and (7) reassigns, with limited exceptions, all cases pending more than 335 days from the BIA to the Director of EOIR for adjudication, *id.* at 81,619–22.

Around the same time the Rule was being promulgated, U.S. Department of Homeland Security ("DHS") and DOJ issued numerous other proposed and final rules affecting the immigration system.[2] *See* Compl. ¶¶ 62–63. Some of these regulatory

---

[1] The Rule's technical changes are discussed at greater length in *Centro Legal De La Raza v. Exec. Office for Immigration Review*. *See* Case No. 21-cv-00463, 2021 WL 916804, at *9–19 (N.D. Cal. Mar. 10, 2021).
[2] Among other things, these regulatory actions altered the substantive eligibility for asylum, provided IJs guidance on assessing asylum eligibility, barred access to the United States for certain asylum seekers who failed to seek asylum in another country, created new rules for assessing the security and public health risks of asylum seekers, and increased fees for certain applications filed before the EOIR. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80,274 (Dec. 11, 2020); Procedures for Asylum and Withholding of Removal, 85 Fed. Reg. 81,698 (Dec. 16, 2020); Asylum Eligibility and Procedural Modifications, 85 Fed. Reg. 82,260 (Dec. 17, 2020); Executive Office for Immigration Review; Fee Review, 85 Fed. Reg. 82,750 (Dec. 18, 2020); Security Bars and Processing, 85 Fed. Reg. 84,160 (Dec. 23, 2020).

actions have already been challenged and enjoined by the courts. *See, e.g.*, *Catholic Legal Immigration Network, Inc. v. Exec. Office for Immigration Review*, Case No. 20-cv-03812, 2021 WL 184359, at *1 (D.D.C. Jan. 18, 2021) (hereinafter "*CLINIC*"). Indeed, the Rule at issue in this case has already been nationally enjoined. *Centro Legal De La Raza v. Exec. Office for Immigration Review*, Case No. 21-cv-00463, 2021 WL 916804, at *44 (N.D. Cal. Mar. 10, 2021).

## ANALYSIS

Plaintiffs argue for a preliminary injunction or a stay under Section 705 of the APA, *see* 5 U.S.C. § 705. Pls.' Mot. at 1. Under Section 705, the Court "may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings," to the extent necessary to avoid irreparable injury. 5 U.S.C. § 705. "The factors governing issuance of a preliminary injunction also govern issuance of a § 705 stay." *District of Columbia v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 15 (D.D.C. 2020) (Howell, J.) (citing *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)). Accordingly, the Court looks to the familiar four-factor test to assess whether a stay is warranted. *Id.*

To prevail, plaintiffs must show "(1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in their favor, and (4) a [stay] is in the public interest." *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Where, as here, the Government is the opposing party, the last two factors merge. *Nken v. Holder*, 556 U.S.

418, 435 (2009).

## A. Success on the Merits

Plaintiffs allege the Rule violates the APA, Regulatory Flexibility Act, and the Due Process Clause in numerous ways. *See* Compl. ¶¶ 351–69, 376–94. The Court need not wrestle with each of these alleged violations because it finds plaintiffs have shown a likelihood of success on the merits with respect to whether the Rule was promulgated using the requisite procedures. *See CLINIC*, 2021 WL 184359, at *11 (declining to "grapple with all" of plaintiffs' claims because they "need show that they are likely to succeed on only one of their claims to justify a stay"). Specifically, plaintiffs argue that the 30-day comment period was likely insufficient to "give interested persons an opportunity to participate." *See* Pls.' Mot. at 35 (quoting 5 U.S.C. § 553(c)). Under the unique circumstances associated with the rulemaking in this case, I agree.

While the APA is silent as to what constitutes sufficient time to comment, our Circuit Court recently described 30 days as "generally the shortest time period for interested persons to meaningfully review a proposed rule and provide informed comment." *See Nat. Lifeline Assoc. v. FCC*, 921 F.3d 1102, 1117 (D.C. Cir. 2019) (holding "two-week period . . . was not an adequate period for eliciting meaningful comments"); *see also Petry v. Block*, 737 F.2d 1193, 1202 (D.C. Cir. 1984) (describing a 30-day period as "cut[ting] the comment period to the bone"). Indeed, because 30 days is ordinarily seen as the minimally acceptable period, two Executive Orders state that agencies should "generally" or "in most cases" provide at least 60 days for comments.

5

*See* Exec. Order 13,563, Improving Regulation and Regulatory Review, 76 Fed. Reg. 3,821 (Jan. 18, 2011); Exec. Order 12,866, Regulatory Planning and Review, 58 Fed. Reg. 51,735 (Sept. 30, 1993). Given the Rule's complexity and the numerous changes involved, it is troubling that defendants failed to abide by these guidelines or explain their departure from them. *See* 85 Fed. Reg. at 81,642 (stating only that "although Executive Order 12,866 recommends a comment period of at least 60 days, a 60-day period is not required").

What is more, at the time of the rulemaking at issue, defendants and other executive agencies were simultaneously promulgating numerous other immigration-related regulations. *See Centro Legal*, 2021 WL 916804, at *18–19 (describing contemporary rulemaking activity). In circumstances such as these, where the executive branch engages in a slew of interrelated rulemaking activity, 30 days is likely insufficient to provide a meaningful opportunity to comment on a highly technical and complex regulation. *See id.* at *24–29; *Pangea Legal Servs. v. Dep't of Homeland Security*, Case No. 20-cv-07721, 2020 WL 6802474, at *19–20 (N.D. Cal. Nov. 9, 2020) (holding plaintiffs "have at a minimum shown serious questions" regarding whether a final rule was procedurally deficient where the agency proposed three interrelated rules near the same time and provided only a 32-day comment period). Accordingly, I find plaintiffs have shown a likelihood of success on the merits.

**B. Irreparable Harm**

Plaintiffs also have shown likely irreparable harm absent a stay. *See League of*

6

*Women Voters of U.S. v. Newby*, 838 F.3d 1, 8 (D.C. Cir. 2016) (holding plaintiffs must show both that the harm will be "certain and great" and "beyond remediation"). As our Circuit Court has held, organizational plaintiffs establish irreparable harm where defendants' actions "perceptibly impair[] the organization's programs" and "directly conflict with the organization's mission." *Id.* (cleaned up). Plaintiffs here have shown the Rule's significant changes to the immigration court system will likely impair plaintiffs' ability to provide representation as well as limit their ability to assist pro se respondents and coordinate pro bono attorneys. *See* Ex. A to Pls.' Mot. ¶¶ 30; Ex. B to Pls.' Mot. ¶¶ 27, 62–66; Ex. C to Pls.' Mot. ¶¶ 27–32; Ex. D to Pls.' Mot. ¶¶ 59–62; Ex. E to Pls.' Mot. ¶¶ 82–91. This showing is sufficient to warrant preliminary relief. *See Centro Legal*, 2021 WL 916804, at *41–43; *CLINIC*, 2021 WL 184359, at *13–14; *see also NW Immigrant Rights Project v. U.S. Citizenship and Immigration Servs.*, Case No. 19-3283, 2020 WL 5995206, at *31–32 (D.D.C. Oct. 8, 2020) (Moss, J.) (holding irreparable harm satisfied despite parallel injunction).

## C. Balance of Equities and the Public Interest

Finally, the balance of equities and public interest favor a stay. Not only has the Government failed to squarely address these considerations, *see* Defs.' Opp. [Dkt. #35] at 44–45, but it also conceded that the Rule is currently under review by the present Administration. Hearing Tr. [Dkt. #41] at 27:2–8. In such circumstances, returning to the *status quo ante*—immigration procedures which have been in operation for years prior to the multitude of changes enacted by the Rule—will best balance the equities at

stake and serve the public interest. *See Centro Legal*, 2021 WL 916804, at *41–43.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion and STAYS implementation of the Rule under 5 U.S.C. § 705 pending the outcome of this litigation.

_____
RICHARD J. LEON
United States District Judge