# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>Defendants. | Civil Action No. 21-0094 (RJL) |

## JOINT STATUS REPORT

**REPORT**

On April 18, 2021, the Court granted the Department of Justice's request to stay proceedings and ordered the Department to "submit a status report no later than July 19, 2021 regarding the status of defendants' review of the Rule at issue" and to "confer with plaintiffs and include in the status report a proposal for further proceedings." The parties filed joint status reports, on October 18, 2021; January 18, 2022; April 19, 2022; and July 19, 2022; each following this Court's instruction to provide an update every 90 days "regarding the status of defendants' review of the Rule at issue" and to "confer with plaintiffs and include in the status report a proposal for further proceedings." After the most recent joint status report, filed on July 19, 2022, the Court again ordered that all proceedings and deadlines in the case remain stayed and ordered the parties to "submit a joint status report no later than October 19, 2022 including a proposal for further proceedings."

The Department hereby informs the Court that the Rule at issue in this case, Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588 (Dec. 16, 2020), remains under review by the Department. The Department has represented to Plaintiffs that it has made progress in its review, as evidenced by the Rule's inclusion in the Executive Branch's Spring 2022 Unified Agenda of Regulatory and Deregulatory Actions. *See* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=1125-AB18.

In the July 19, 2022, joint status report, the Department noted the Supreme Court's recent decision in *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), and the parties stated that they would "provide the Court with their positions as to the applicability, if any, of the decision by or in their next status report." The parties disagree as to the applicability of *Aleman Gonzalez* but

agree that the case should remain in abeyance to allow the regulatory process to proceed.

The Department believes that the Supreme Court's interpretation of 8 U.S.C. § 1252(f)(1) in *Aleman Gonzalez* likely renders unlawful the Court's stay of the Rule's effective date under 5 U.S.C. § 705 because it "enjoin[s] or restrain[s]" the Department from implementing 8 U.S.C. §§ 1229a and 1229c through the Rule. *See Aleman Gonzalez*, 152 S. Ct. at 2064-65 (holding that section 1252(f)(1) prohibits lower courts from enjoining "the way that [a provision is] being carried out" (internal quotation marks omitted)). However, *Aleman Gonzalez* only directly addressed section 1252(f)(1)'s application to injunctive relief. And since the July 19, 2022, joint status report, the Supreme Court granted certiorari in *United States v. Texas*, No. 22-58 (U.S. cert. granted July 21, 2022), where it will consider Section 1252(f)(1)'s application to "set aside" relief under 5 U.S.C. § 706(2). The Department believes that a decision on that issue may address the types of remedies and orders barred by section 1252(f)(1), which would likely shed important light on the propriety of postponing an effective date under 5 U.S.C. § 705. Accordingly, the Department believes that any briefing on the propriety of the Rule's postponement should wait until the Supreme Court's decision and until the parties have sufficient time to review the decision and consider its implications. The Department thus believes that these proceedings should remain stayed with the Court's effective date postponement in place.

Plaintiffs agree that the proceedings should remain stayed, with the postponement of the Rule's effective date in place pending the resolution of this action. Plaintiffs disagree with the Government regarding the relevance of *Aleman Gonzalez*, which did not involve a challenge to a rule under the Administrative Procedure Act. In *Aleman Gonzalez* the Court declined the Government's invitation to extend its ruling to "any form of relief that is 'practically similar to an injunction.'" 152 S. Ct. at 2065, n.2. If *Aleman Gonzalez* applied to challenges to the lawfulness

of promulgated rules, it would conflict with other provisions in the Immigration and Nationality Act, such as 8 U.S.C. § 1252(e)(3), which explicitly authorizes such challenges. And while the Supreme Court's decision in *United States v. Texas* might have relevance to this case depending on how it is decided, this Court should not take action—particularly action that would run contrary to current law—prior to a decision in that case.

The parties have met and conferred by email and agree that the case should remain stayed to allow the regulatory process to proceed and propose submitting another joint status report in 90 days. The parties further agree that the Court's stay under 5 U.S.C. § 705 should remain in place for the duration of the stay in proceedings.

Respectfully submitted,

| By: | */s/ Keren Zwick* | By: | */s/ Christina P. Greer* |
|---|---|---|---|
| | KEREN ZWICK | | CHRISTINA P. GREER |
| | National Immigrant Justice Center | | Senior Litigation Counsel |
| | 224 S. Michigan Ave. | | U.S. Department of Justice, Civil Division |
| | Suite 600 | | P.O. Box 878, Ben Franklin Station |
| | Chicago, IL 60604 | | Washington, DC 20044 |
| | Tel. (312) 660-1364 | | Tel. (202) 598-8770 |
| | kzwick@heartlandalliance.org | | Christina.P.Greer@usdoj.gov |
| | *Counsel for Plaintiffs* | | *Counsel for Defendants* |

Dated: October 19, 2022